UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY S. WEISE,<br><br>        Plaintiff, Counter-Defendant<br><br>v.<br><br>MINNESOTA LIFE INSURANCE CO.,<br><br>        Defendant, Counter-Plaintiff, Cross-Plaintiff and<br><br>DOUGLAS LAUGHMAN,<br><br>        Defendant, Cross-Defendant | )<br>)<br>)<br>)<br>)  No. 08 C 770<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MINNESOTA LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM/CROSS CLAIM FOR INTERPLEADER

NOW COMES Plaintiff, Minnesota Life Insurance Company ("Minnesota Life"), by its attorneys, Cozen O'Connor, and for its answer to Complaint for Declaratory Judgment and for Interpleader, states as follows:

### ANSWER

    1.    Plaintiff, Kimberly S. Weise, is the named beneficiary of a life insurance policy on the life of Mark Laughman, issued by Defendant, Minnesota Life Insurance Company, under policy number 0050173 (herein referred to simply as "the subject policy"), a copy of said policy is unavailable to Plaintiff and is more readily available to Defendant.

    **ANSWER:**    Denied.

    2.    Minnesota Life Insurance Company, at the request of the deceased, Mark Laughman, by and through its agents and employees assigned beneficiary rights to the Plaintiff, Kimberly Weise.

    **ANSWER:**    Denied.

3. The subject policy provided for the payment of death benefits in the amount of $1,250,000.00 to Plaintiff, Kimberly Weise upon the death of Mark Laughman.

**ANSWER:** Denied.

4. Mark Laughman deceased on October 27, 2007. The Plaintiff, Kimberly Weise, is thus due and owned the benefits of the subject policy.

**ANSWER:** Denied.

5. On information and belief, Defendant, Douglas Laughman, father of the deceased, may make a claim for the subject policy benefits.

**ANSWER:** Denied. Douglas Laughman did make a claim for the subject policy benefits.

6. Plaintiff, Kimberly Weise, tendered good and valuable consideration including room, board, necessities and companionship in exchange for policy beneficiary rights. She has complied with all policy conditions and otherwise cooperated with Defendant, Minnesota Life.

**ANSWER:** Denied.

7. Defendant, Minnesota Life, has failed and refused to pay the benefits to Plaintiff, Kimberly Weise, despite Plaintiff's requests for payment.

**ANSWER:** Denied.

8. As a result of Defendant, Minnesota Life's failure to pay said benefits, the Plaintiff, Kimberly Weise, has sustained damages including economic loss of policy proceeds and gains therefrom, attorney's fees and legal costs.

**ANSWER:** Denied.

9. Illinois Code of Civil Procedure 735 ILCS 5/2-701 authorizes the Court to enter a binding declaration of rights in cases of controversy such as the present.

**ANSWER:** Denied.

**INTERPLEADER**

1.      Plaintiff Minnesota Life brings this action for interpleader because it is exposed to multiple liability due to the competing beneficiary claims of Kimberly Laughman-Weise and Douglas Laughman in connection with life insurance policy Minnesota Life issued to Mark Laughman.

2.      Minnesota Life is a corporation incorporated under the laws of the state of Minnesota and authorized to do business in the state of Illinois.

3.      Kimberly Laughman-Weise the surviving ex-spouse of the decedent Mark Laughman.  Kimberly Laughman-Weise is a resident of the State of Indiana, County of St. Joseph.

4.      Douglas Laughman is the surviving father of the decedent, Mark Laughman. Douglas Laughman is a resident of the State of Indiana, County of St. Joseph.

5.      This Court has jurisdiction over this controversy pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 USC § 1332, as the stakeholder is diverse from the claimants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6.      Venue is proper in this district pursuant to 28 USC § 1391.

7.      On June 1, 2004, Mark Laughman's Employee Group Universal Life Insurance Policy, policy number 50173-G, became effective, with Katten Muchin Zavis Rosenman as the policyholder ("the Policy").  The Policy currently has a value of approximately $1,250,000.00. *A copy of The Policy is attached hereto as Exhibit "A".*

8.      The beneficiary designation named Kimberly Laughman-Weise as primary beneficiary and Douglas Laughman as contingent beneficiary to 100% the benefits of the Policy as stated on the Group Universal Life Insurance Enrollment Form.  *A copy of the Group Universal Life Insurance Enrollment Form is attached hereto as Exhibit "B".*

9.      On September 6, 2006, a Judgment for Dissolution of Marriage was entered in the Marriage of Kimberly and Mark Laughman.  Article XII, Paragraph 4: <u>Waiver of rights to proceeds on insurance policies</u> of said Judgment, states:

> "Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he of [sic] she may have acquired in or to life insurance policies owned by the other."

*A copy of the Judgment for Dissolution of Marriage in the Marriage of Kimberly and Douglas Laughman is attached hereto as Exhibit "C"*

10.     Mark Laughman died on October 28, 2007.

3

11.     On December 18, 2007, Douglas Laughman filed a claim for the proceeds of the Policy.  *A copy of the claim form submitted by Douglas Laughman is attached hereto as Exhibit "E".*

12.     On November 16, 2007, Kimberly Laughman-Weise filed a claim for the proceeds of the Policy.  *A copy of the claim form submitted by Kimberly Laughman-Weise is attached hereto as Exhibit "F".*

13.     Minnesota Life is unable to determine how or to whom payment of the Policy benefits should be made.

14.     To date, Minnesota Life has not received any advice from the Counter-Defendants regarding the resolution of their competing claims.

15.     Defendants have exposed Minnesota Life to double liability by virtue of their competing claims, thereby necessitating this Complaint of Interpleader.

WHEREFORE, Minnesota Life Insurance Company requests this Court to enter an order:

1.     Granting Minnesota leave to deposit the disputed benefits under the Policy with the Court and that it be discharged from any and all liability to Defendants concerning said proceeds;

2.     Declaring and adjudging the proper beneficiary under the Policy and enjoining Defendants, Douglas Laughman and Kimberly Laughman-Weise from commencing any other action in any court against Minnesota Life Insurance with regard to benefits under the Policy;

3.     Granting Minnesota Life Insurance Company leave to recover its costs in bringing this action, including reasonable attorney's fees, from the proceeds of the Policy on deposit with the Court; and

4.     Granting any and all other relief this Court deems appropriate and just.

                                                                COZEN O'CONNOR

Dated: February 25, 2008                       By:  /S/ Catherine A.T. Nelson
                                                                 Attorney for Plaintiff,
                                                          Minnesota Life Insurance Company

Catherine A. T. Nelson
Daniel R. Johnson
Cozen O'Connor
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois  60606
(312) 382-3100

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing **Answer to Complaint for Declaratory Judgment and Counterclaim for Interpleader** was sent via electronic mail, this 25th day of February 2008 to:

Law Offices of Meyer and Blumenshine
221 North LaSalle Street, Suite 2206
Chicago, Illinois 60601

                                              /S/ Catherine A.T. Nelson
                                                     Attorney for Plaintiff,
                                          Minnesota Life Insurance Company

Catherine A. T. Nelson
Daniel R. Johnson
Cozen O'Connor
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois  60606
(312) 382-3100

CHICAGO\583027\1  099994.000