**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Kimberly S. Weise, | ) |
| | ) |
| Plaintiff, Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 08 C 770 |
| | ) |
| Minnesota Life Insurance Co., | ) |
| | ) |
| Defendant, Counter-Plaintiff, Cross-Plaintiff, | ) |
| | ) |
| And | ) |
| | ) |
| Douglas Laughman, | ) |
| | ) |
| Defendant, Cross-Defendant. | ) |

**DOUGLAS LAUGHMAN'S ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant Douglas Laughman ("Mr. Laughman"), by and through his attorneys, hereby

answers the Complaint for Declaratory Judgment as follows:

**Complaint No. 1**

Plaintiff, Kimberly S. Weise, is the named beneficiary of a life insurance
policy on the life of Mark Laughman, issued by Defendant, Minnesota Life
Insurance company, under policy number 0050173 (herein referred to simply as
"the subject policy"). A copy of said policy is unavailable to Plaintiff and is more
readily available to Defendant.

**Answer No. 1**

Mr. Laughman admits that Kimberly Laughman was named as a beneficiary under the

subject policy, but denies that Kimberly S. Weise is entitled to the death benefits of the subject

policy. Mr. Laughman lacks knowledge or information sufficient to form a belief as to truth of

the remaining allegations of Paragraph 1 and therefore denies the same.

**Complaint No. 2**

Minnesota Life Insurance Company, at the request of the deceased, Mark Laughman, by and through its agents and employees assigned beneficiary rights to the Plaintiff, Kimberly Weise.

**Answer No. 2**

Mr. Laughman denies the allegations of Paragraph 2.

**Complaint No. 3**

The subject policy provided for the payment of death benefits in the amount of $1,250,000.00 to Plaintiff, Kimberly Weise upon the death of Mark Laughman.

**Answer No. 3**

Mr. Laughman denies the allegations of Paragraph 3.

**Complaint No. 4**

Mark Laughman deceased on October 27, 2007.  The Plaintiff, Kimberly Weise, is thus due and owed the benefits of the subject policy.

**Answer No. 4**

Mr. Laughman denies that Mark Laughman died on October 27, 2007, and affirmatively states that Mark Laughman died on October 28, 2007.  Mr. Laughman denies that Kimberly Weise is due and owed the benefits of the subject policy.

**Complaint No. 5**

On information and belief, Defendant, Douglas Laughman, father of the deceased, may make a claim for the subject policy benefits.

**Answer No. 5**

Mr. Laughman admits that he has made a claim for the subject policy benefits.

**Complaint No. 6**

Plaintiff, Kimberly Weise, rendered good and valuable consideration including room, board, necessities and companionship in exchange for policy beneficiary rights.  She has complied with all policy conditions and otherwise cooperation with Defendant, Minnesota Life.

### Answer No. 6

Mr. Laughman denies the allegations of Paragraph 6.

### Complaint No. 7

Defendant, Minnesota Life, has failed and refused to pay the benefits to Plaintiff, Kimberly Weise, despite Plaintiff's requests for payment.

### Answer No. 7

Mr. Laughman admits the allegations of Paragraph 7.

### Complaint No. 8

As a result of Defendant, Minnesota Life's failure to pay said benefits, the Plaintiff, Kimberly Weise, has sustained damages including economic loss of policy proceeds and gains therefrom, attorney's fees and legal costs.

### Answer No. 8

Mr. Laughman denies the allegations of Paragraph 8.

### Complaint No. 9

Illinois Code of Civil Procedure 735 ILCS 5/2-701 authorizes the Court to enter a binding declaration of rights in cases of actual controversy such as the present matter.

### Answer No. 9

Mr. Laughman admits that the Court is authorized under 28 U.S.C. § 2201 to enter a binding declaration of rights in the present matter and denies any allegations inconsistent thereof.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8 and 12, Mr. Laughman raises the affirmative defenses set forth below.  Mr. Laughman reserves the right to raise additional affirmative defenses that may later become known to him.

**FIRST DEFENSE**
**(WAIVER)**

Kimberly Weise explicitly waived her interest to the death benefits of Mark Laughman's life insurance policy in the September 6, 2006 Judgment for Dissolution of Marriage.

**SECOND DEFENSE**
**(EQUITABLE ESTOPPEL)**

The doctrine of equitable estoppel precludes Kimberly Weise from the receipt of death benefits from Mark Laughman's life insurance policy.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Plaintiff Douglas Laughman ("Mr. Laughman"), by and through his attorneys, hereby counterclaims for declaratory judgment against Kimberly Weise and Minnesota Life Insurance Company ("Minnesota Life"), and states as follows:

### NATURE OF THE ACTION

1.      Mr. Laughman brings this action seeking a declaration of rights that he is the sole beneficiary entitled to receive death benefits from a certain life insurance policy issued by Minnesota Life to Mark Laughman.

### PARTIES

2.      Mr. Laughman is an individual who is a citizen of the State of Indiana.  Mr. Laughman is the surviving father of the decedent, Mark Laughman.

3.      Kimberly Weise is an individual who is a citizen of the State of Indiana. Kimberly Weise was divorced from Mark Laughman during September, 2006.

4.      Minnesota Life is a corporation incorporated under the laws of the State of Minnesota and authorized to do business in the State of Illinois.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) on the grounds that the action involves citizens of different states and the matter in controversy exceeds the sum or value of $75,000, excluding interest and costs.

6.    The venue for this action is properly placed in the Northern District of Illinois under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE LIFE INSURANCE POLICY

7.    On June 1, 2004, a certain life insurance policy – policy number 50173-G – became effective with Mark Laughman as the insured and Katten Muchin Zavis Rosenman as the policyholder (the "Policy").  The Policy has a coverage amount of $1,250,000.  A copy of the Policy is attached as Exhibit A.

8.    At the time the Policy was issued, Mark Laughman was married to Plaintiff Kimberly Weise (formerly known as Kimberly Laughman).  Kimberly Laughman was named as the primary beneficiary of the Policy.

9.    Mr. Laughman, father to the decedent, was designated as the contingent beneficiary of the Policy.

## THE JUDGMENT FOR DISSOLUTION OF MARRIAGE

10.    On September 6, 2006, a Judgment for Dissolution of Marriage was entered in the Marriage of Kimberly and Mark Laughman, a copy of which is attached as Exhibit B.

11.    Under the terms of the Judgment for Dissolution of Marriage, Kimberly and Mark Laughman each agreed to waive any interest in the life insurance policies owned by the other. Article XII, Paragraph 4 of the Judgment, entitled, "Waiver of rights to proceeds on insurance

policies" provides:  **Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he of [sic] she may have acquired in or to life insurance policies owned by the other.**

12.    The Policy is the only life insurance policy owned by Mark Laughman.

13.    Mark Laughman died on October 28, 2007, more than one year after Kimberly Weise explicitly waived her interest as a beneficiary to the Policy.

### THE POLICY BENEFITS

14.    Because Kimberly Weise waived her interest as a beneficiary to the Policy, she is not entitled to receive any death benefits from the Policy.  Nonetheless, on November 16, 2007, Kimberly Weise filed a claim for the proceeds from the Policy.

15.    Mr. Laughman, as the contingent beneficiary to the Policy, is the only individual entitled to receive the death benefits from the Policy.

16.    On December 18, 2007, Mr. Laughman filed a claim for the proceeds of the Policy.

17.    Minnesota Life has not distributed the proceeds to Mr. Laughman or anyone else, as it alleges it is unable to determine how or to whom payment of the Policy benefits should be made.

WHEREFORE, Counter-Plaintiff Douglas Laughman respectfully asks this Court to enter judgment in his favor:

(a) declaring that Douglas Laughman is the sole beneficiary entitled to receive all proceeds or benefits from life insurance policy 50173-G;

(b) declaring that Kimberly Weise waived her interest to any proceeds or benefits from life insurance policy 50173-G;

(c) requiring Minnesota Life Insurance Company to disburse all proceeds and benefits from the life insurance policy to Douglas Laughman;

(d)  granting Douglas Laughman the reasonable attorneys fees and costs incurred in connection with this litigation; and

(e) granting any other relief this Court deems just and appropriate.


Dated:  April 18, 2008

                              By:      /s/ Heather Kuhn O'Toole
                                       One of the Attorneys for Douglas Laughman



Dawn M. Canty
Heather Kuhn O'Toole
Andrew D. Hoeg
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
312-902-5200
50478923