# EXHIBIT B

#16900

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF )
)
KIMBERLY S. LAUGHMAN, )
)
                       Petitioner, )
v. ) Case No. 06 D 446
MARK E. LAUGHMAN, )
)
                       Respondent. )

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CASE now coming on to be heard upon the Petition for Dissolution of Marriage of the Petitioner, KIMBERLY S. LAUGHMAN, (hereinafter referred to as Petitioner or Wife), and the stipulation of the parties hereto by their respective attorneys that the above-entitled case may come on for immediate hearing upon said Petition for Dissolution; and the Petitioner appearing in open court by ATTILIO V. FIUMETTO, her attorney; and the Respondent being represented by SCHILLER, DUCANTO and FLECK, by ARNOLD B. STEIN, his attorney; and the court hearing the testimony of the Petitioner and Respondent being duly sworn and examined in open court in support of the allegations and charges contained in the Petition for Dissolution of Marriage and the court considering all of the evidence, and now being fully advised in the premises FINDS:

    1.     That the Petitioner has resided in the State of Illinois at the time this action was commenced and that said residency has been maintained for more than ninety (90) days next preceding the filing of the Petition herein and the making of the findings herein.

    2.     That the Petitioner and Respondent were lawfully married on the 9th day of November, 1996, and that said marriage was registered in Indiana.

    3.     That no children were born or adopted by the parties, and that the Petitioner is not

now pregnant.

4.  That during the marriage herein, irreconcilable differences have occurred between the parties which has caused an irretrievable break down of the parties marriage.

5.  That the Petitioner and Respondent, on the _31_ day of _August_, 2006 entered into a written Marital Settlement Agreement providing for settlement of the matters relating to the rights of support and maintenance of the parties from each other and for the settlement of their property and marital rights. The Agreement has been presented to this Court for its consideration and approval and is in words and figures as follows:

## MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT made and entered into this _31_ day of _AUGUST_, 2006, by and between, MARK E. LAUGHMAN, (hereinafter referred to as the "Husband"), of the State of Illinois, and KIMBERLY S. LAUGHMAN, (hereinafter referred to as the "Wife"), of the State of Illinois.

### WITNESETH

WHEREAS, said parties were hereto forth on the 9th day of November, 1996, legally married in the State of Indiana;

WHEREAS, no children were born or adopted by the parties as a result of the marriage, and that the Wife is not now pregnant.

WHEREAS, irreconcilable differences have occurred between the parties which has caused an irretrievable breakdown of the parties marriage.

WHEREAS, the Wife has filed against the Husband an action for Dissolution of Marriage in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, under Docket Number 06 D 446 and said case remains pending and undetermined;

WHEREAS, the Wife has employed and has the benefit of counsel of ATTILIO V. FIUMETTO as her attorney. The Husband has employed and has the benefit of counsel of ARNOLD B. STEIN. The attorney for Wife has drafted this Agreement heretofore entered into between the parties;

WHEREAS, the parties acknowledge that each has made full and complete disclosure to the other of all wealth, property, estate and income owned by each of them. Each party also acknowledges that he or she is conversant with the wealth, property, estate and income of the other

1

and that each has been fully informed of his or her respective rights therein;

WHEREAS, both parties expressly state they have freely and voluntarily entered into this Agreement of their own volition, free of any duress or coercion and with full knowledge of each and every provision contained in this Agreement and the consequences thereof. Each party expressly states that no representation has been made to him or her by the other party or by the other party's attorney other than what is contained in this Agreement, state that they regard it to be fair in all respects and not unconscionable;

WHEREAS, it is specifically understood by Husband and Wife that this Agreement, in its entirety, was negotiated and prepared for their direct benefit and not for the direct benefit of anyone else. It is not intended by either Husband or Wife that any persons be third party beneficiaries of this Agreement now or in the future. Any benefits which may be conferred upon any person arise solely as incidental collateral benefits to the direct benefits conferred upon the parties to this Agreement; and,

WHEREAS, without any collusion as to the pending proceedings, or any other proceedings that may be filed between the parties affecting the marital status of the parties, and in the interest of avoiding protracted litigation, the parties consider it to be to their respective best interests to settle, adjust and compromise between themselves, now and forever, the settlement of the property rights of the parties with respect to both marital and non-marital property, the disposition of all claims, whether arising by virtue of the marriage of the parties hereto or otherwise, which each party hereto ever had, now has or may have in the future against each other, whether arising under the laws of Illinois or any other state or country for or on account of any matters whatever; and all rights, whether arising by virtue of the marriage of the parties hereto or otherwise, which each party hereto

ever had, now has or may have in the future or may claim to have, whether arising under the laws of Illinois or any other state or country, in or to any and all property, real, personal or mixed, tangible or intangible, marital and non-marital heretofore or hereafter owned or limitation of the foregoing, all inchoate rights and all rights of homestead, inheritance, descent, distribution, community interest and surviving spouse's award.

NOW THEREFORE, in consideration of the foregoing and in consideration of the mutual and several covenants, promises and undertakings herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby jointly and severally acknowledged, the parties do hereby freely and voluntarily covenant and agree as follows:

## ARTICLE I

### Rights of Action and Incorporation of Recitals

The foregoing recitals are made a part of this Agreement. This Agreement is not one to obtain or stimulate a dissolution of marriage or made to induce either of the parties hereto to obtain or stimulate a Judgment for Dissolution of Marriage. Both parties reserve the right to prosecute any action for dissolution of marriage which he or she has brought or may hereafter bring and defend any action which has been or may be commenced by the other party.

## ARTICLE II

### Maintenance

1. Husband in consideration of the premises of this Agreement, waives and releases any and all claims that he may have against the Wife for maintenance. Husband acknowledges that maintenance, formerly known as alimony, is his right to support and is separate and distinguishable

from child support, and that by relinquishing his right to maintenance he is forever barred from seeking maintenance from his wife in this or any other court, now and forever.

2. Husband agrees to pay to the Wife maintenance in the amount of $1,000.00 per month commencing on the first day of the first month following entry of Judgement for Dissolution of Marriage herein and continuing in a like sum on the first day of each month thereafter until the first to occur the following events: the Wife's remarriage, the Wife's death, the Wife's cohabitation with another person on a resident continuing conjugal basis, and the Wife's receipt of Forty Eight Thousand Dollars ($48,000.00)

3. Pursuant to Section 502(f) of the IMDMA, the aforesaid maintenance payments are non-modifiable in all respects.

4. The parties acknowledge that the aforesaid maintenance payments shall be in satisfaction of the Husband's legal obligation to support the Wife and pursuant to Sections 71 and 215 of the Internal Revenue Code shall have constitute taxable income of the Wife and be tax deductible for income tax purposes to the Husband.

## ARTICLE III

### Real Property

1. Husband and Wife represent and warrant that neither has any right, title, claim or interest in or to any real property, vacant land, cemetery plots, beneficial interest in any land trust or other trust and that no party or person is holding any real property on their behalf other than a home located at 4908 North Hamlin, Chicago, Illinois.

2. The parties agree that Husband shall receive as his sole and exclusive property, free and clear of any interest, right, title or claim by the Wife the marital home commonly referred

4

to as 4908 North Hamlin, Chicago, Illinois. The Husband shall be solely responsible for and shall pay all debt associated with said home, including but not limited to mortgages, home equity loans, taxes, insurance and repairs, and shall indemnify and hold harmless the Wife on the same.

3. That as and for consideration of the Husband receiving the marital home as his sole property, the Husband shall pay the Wife $125,000.00 on or before the date of entrance of the parties Judgement for Dissolution of Marriage.

## ARTICLE IV

### Personal Property

1. Husband and Wife have equally divided all personal property, including furniture and furnishings to their mutual satisfaction. Each party shall have the sole and exclusive right, title and interest in and to that personal property currently in his or her possession, free and clear of any right, title or interest of the other party.

2. Wife shall receive as her sole property, free and clear of any interest or claim of the Husband, the 2004 Honda. The Husband shall be solely responsible for and shall pay the outstanding auto loan on said vehicle and shall hold harmless and indemnify the Wife on the same. The Husband shall do any and all things reasonably required to transfer any and all interest he may have thereon to the Wife.

3. Husband shall receive as his sole property, free and clear of any interest or claim of the Wife, the 1969 motorcycle. The Husband shall be solely responsible of all debt associated with said vehicle and shall indemnify and hold harmless the Wife on the same.

## ARTICLE V

### Banking and Retirement Savings Plans

1. The parties agree that all banking accounts that currently exist in their name shall be the sole property of the persons name who appears on said accounts and the parties waive any and all interest, right, or claim they may have to the other's account;

2. HUSBAND and WIFE acknowledge and agree that neither party is currently entitled to a pension and that no such accounts exist.

3. The WIFE shall receive as her sole and exclusive property, free and clear of any interest, right, title, or claim of the HUSBAND all of her 401(k) saving plan located at Liberty Mutual.

## ARTICLE VI

### Law Practice

1. The Husband shall receive as his sole property, free and clear of any interest of the Wife all interest in has in the law firm commonly referred to as Katten, Muchin & Rosenmann. The Husband shall be solely responsible and liable for all debt associated with said ownership interest and shall indemnify and hold harmless the Wife on the same including any Federal or State Tax liability.

## ARTICLE VII

### Unknown and Concealed Properties

1. If there is any property, real, personal or mixed, which is unknown to the parties to this Agreement, is concealed by either party or is otherwise not disposed of by virtue of this

6

Agreement, whether the title to same is held in joint tenancy, tenancy in common or some other form of co-ownership or separate ownership, then, at the written request of either party, after discovery of same, said property shall be sold and the net proceeds received therefrom shall be divided equally between the parties.

## ARTICLE VIII

### Non-Marital Property

1. Wife shall retain sole and exclusive right, title and interest, free and clear of any right, title or interest of Husband, in and to her non-marital property, including, but not limited to, clothing, jewelry and memorabilia.

2. Husband shall retain sole and exclusive right, title and interest, free and clear of any right, title or interest of Wife, in and to his non-marital property, including, but not limited to, clothing, jewelry and memorabilia.

## ARTICLE IX

### Debts and Obligations

1. Each party agrees to be solely responsible for any and all credit debt that was created in their name since their date of marriage and to indemnify and hold harmless the other party for said debt. In addition the Husband agrees to be solely liable and to pay the outstanding loan through the Wife's Thrift Incentive Plan at Liberty Mutual in the approximate amount of $1,849.79.

2. Each party agrees with the other party that he or she will not at any time hereafter contract any debt or liability whatsoever with third parties for which the other, or his or her legal heirs, representatives or assigns, or his or her property or estate shall become liable. Each party

7

agrees with the other party at all times to keep the other party, his or her heirs, indemnified of and from any claims, debts, charges or liabilities hereafter contracted by himself and herself with any third parties.

agrees with the other party at all times to keep the other party, his or her heirs, indemnified of and from any claims, debts, charges or liabilities hereafter contracted by himself and herself with any third parties.

3. Without limiting in any manner the parties undertakings hereunder, if upon this Agreement becoming effective, Husband or Wife fails to pay any obligation assumed by him or by her, or as set forth in this Agreement, the nondefaulting party shall have the right to make any payments in connection therewith and the defaulting party shall reimburse the nondefaulting party for such expenditures and shall likewise be liable for and shall pay all costs, expenses and reasonable attorney's fees arising as an incident of his or her default and for which the nondefaulting party becomes obligated, including those obligations hereunder. The nondefaulting party shall have the right to pursue enforcement of the obligations undertaken by the defaulting party by whatever remedy or remedies are legally available to him or to her.

4. Each party shall hold the other free, harmless and indemnified on all obligations they assume.

## ARTICLE X

### Tax Returns

1. The Husband and Wife shall execute and file joint federal and sate income tax returns for the year 2005. Regarding these the Husband and Wife agrees as follows:

a. The Husband represents and warrants to the Wife that he accurately reported all income and deductions and has paid all income taxes, state and federal, regarding his income and deductions on the joint tax returns heretofore filed by the parties; and in the event there is subsequently found to be taxes, penalties or interest due and owing with respect to his income or

deductions, he will pay and indemnify the Wife therefrom any liability thereon.

    b.    The Wife represents and warrants to the Husband that she has accurately reported all income and deductions and has paid all income taxes, state and federal, regarding her income and deductions on the joint tax returns heretofore filed by the parties; and in the event there is subsequently found to be taxes, penalties or interest due and owing with respect to her income or deductions, she will pay and indemnify the Husband therefrom any liability thereon.

    c.    If there is a deficiency assessment in connection with any of the aforesaid joint returns heretofore or hereafter, the party receiving the deficiency notice shall notify the other party immediately in writing. The party whose income or deduction were inaccurate shall pay the amount ultimately determined to be due thereon, together with interest and penalties, and any and all expenses that may be incurred if that party decides to contest the assessment.

## ARTICLE XI

### Attorney's Fees

1.    The Husband shall be individually liable for and shall pay all attorney's fees and costs he incurred on his behalf in the instant proceeding.

2.    The Wife shall be individually liable for and shall pay all attorney's fees and costs she incurred on her behalf in the instant proceeding.

3.    In the event Husband or Wife willfully or unreasonable fails or refuses to duly perform his or her financial and other undertakings as set forth in this Agreement, and as a result the aggrieved party incurs any expenses, including, but not limited to, attorney's fees to enforce the terms and provisions of this Agreement, the party so failing to perform his or her obligations

shall indemnify and hold the other harmless in connection with any costs and expenses, even though the aggrieved party, at the time, has the ability to pay his or her own expenses and costs.

### ARTICLE XII

### General Provisions

1. <u>Execution of Documents</u>. Except as otherwise provided, each of the parties hereto shall execute, acknowledge, and deliver, upon the effective date of this Agreement, good and sufficient instruments necessary and proper to vest the titles and estates in the respective parties hereto, as herein above provided, and thereafter, at any time and from time to time, to execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the purposes of this Agreement and establish of record the sole and separate ownership of the several properties of said parties in the manner herein agreed and provided. If either party hereto for any reason shall fail or refuse to execute any such documents, then this Agreement shall, and it is hereby expressly declared to, constitute a full and present transfer, assignment and conveyance of all rights herein above designated to be transferred, assigned and conveyed, and a full, present and effective relinquishment and waiver of all rights herein above designated to be relinquished and waived. To further implement the execution and delivery of any and all documents required for the transfer of real estate hereunder, the parties designate any judge or associate judge of the Circuit Court of Cook County, Illinois, Land Title Division, to execute and deliver any and all such documents in the place and stead of the party hereto so obligate.

2. <u>Mutual Release</u>. To the fullest extent by law permitted to do so, and except as herein otherwise provided, each of the parties does hereby forever relinquish, release, waive and

10

forever Quit Claim and grant to the other, his or her heirs, personal representatives and assigns, all rights of maintenance, alimony, dower, inheritance, descent, distribution, community interest and all other right, title, claim, interest and estate as husband and wife, widow or widower or otherwise, by reason of the marital relationship existing between the hereto, under any present or future law, of which he or she otherwise has or might assert of the other, real, personal, or mixed, or his or her estate whether now owned or hereafter in any manner acquired by the other party, or whether in possession or in expectancy, and whether vested or contingent and each party further covenants and agrees for himself or herself, his or her heirs, personal representatives and assigns, that neither of them will at any time hereafter sue the other, or his or her heirs, personal representatives and assigns, for the purpose of enforcing any or all of the rights relinquished under this Agreement; and each of the parties agree that in the event any suit shall be commenced, this release, when pleaded, shall be and constitute a complete defense to any such claim or suit so instituted by either party hereto; and such of the parties further agrees to execute, acknowledge, and deliver at the request of the other party, his or her heirs, personal representatives, grantees, devises, or assigns, any or all such deeds, releases or other instruments and further assurances as may be required or reasonable required to effect or evidence such release, waiver, relinquishment or extinguishment of such rights; provided, however, that nothing herein contained shall operate or be construed as a waiver or release by either party to the other of the obligation on the part of the other to comply with the provisions of this Agreement, or the rights of either party under this Agreement.

    3.    <u>Waiver of Estate Claim</u>. Except as herein otherwise provided, each of the parties hereto hereby waives and relinquishes all rights to act as administrator or administrator with the

11

will annexed of the estate of the other party, and each of the parties hereto does further relinquish all right to inherit by intestate succession any of the property of which the other party may die seized or possessed, and should either of the parties hereto die intestate, this Agreement shall operate as a relinquishment of all rights of the surviving party hereafter to apply for letters of administration in any form, and the estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in the same manner as though the parties hereto respectively, reserving the right to dispose, by testament or otherwise, of his or her respective property in any way that he or she may see fit, without any restriction or limitation whatsoever. Nothing herein contained is intended or shall operate, constitute or be construed as a waiver or release by either party of the obligation of the other to comply with the terms of this Agreement, or the rights of either party under this Agreement.

    4. <u>Wavier of rights to proceeds on insurance policies</u>. Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he of she may have acquired in or to life insurance policies owned by the other.

    5. <u>Modification of Agreement by Court Prior to Entry of Judgment</u>. In the event any court alters, changes or modifies any portion of this Agreement at any time prior to the entry of Judgment for Dissolution of Marriage, then any pending proceeding before such court shall be suspended so that Husband or Wife shall have the opportunity to consider said alteration, change or modification by said court and, if necessary, renegotiate all or any part of this Agreement. In any event, if any court alters, changes or modifies any portion of this Agreement at any time prior to the entry of a Judgment for Dissolution of Marriage, then the entire Agreement shall become voidable at the option of Husband and Wife.

08/31/2006 01:25 FAX 312 831 9942                                                    ☒002

6. <u>Incorporation of Agreement into Judgment of Dissolution of Marriage and Effective Date of Agreement.</u> In the event the parties at any time hereafter obtain a dissolution of marriage in the case presently pending between them, this Agreement and all of its provisions shall be incorporated into any such judgment for dissolution of marriage, either directly or indirectly or by reference, and upon entry of said Judgment, this Agreement shall not become effective or of any validity unless a Judgment for Dissolution of Marriage shall retain the right to enforce the provisions and terms of the Agreement, which Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, assigns, devisees and grantees of the parties hereto.

7. <u>Construction, Enforcement or Modification of Agreement by Court after Entry of Judgment.</u> This Agreement shall be construed in accordance with the laws of the State of Illinois, entirely independent of the forum and political jurisdiction where it may come up for construction, enforcement or modification. If a court of competent jurisdiction at any time after entry of Judgment of Dissolution of Marriage holds that a portion of this Agreement is invalid, the remainder shall not be affected thereby and shall continue in full force and effect.

IN WITNESS WHEREOF, the Husband and Wife have hereunto set their respective hands and seals the day and year first above written.

_[signature]_  
MARK E. LAUGHMAN

_[signature]_  
KIMBERLY S. LAUGHMAN

AND THE COURT HAVING CONSIDERED THE AGREEMENT AND THE CIRCUMSTANCES OF THE PARTIES FINDS THE AGREEMENT IS NOT UNCONSCIONABLE AND THAT THE PARTIES ASSERT THAT THE AGREEMENT WAS FREELY AND VOLUNTARILY ENTERED INTO BY THEM IS FAIR AND EQUITABLE IN ITS TERMS AND PROVISIONS, AND SHOULD BE APPROVED BY THE COURT.

6. That the Petitioner has established by competent, material and relevant evidence all of the allegations and charges contained in her Petition for Dissolution of Marriage and the equities of the case are with the Petitioner.

7. That this Court has jurisdiction over the parties of this case and the subject matter thereof.

IT IS THEREFORE ORDERED AND ADJUDGED AND THIS COURT BY VIRTUE OF THE POWER AND AUTHORITY THEREIN VESTED, AND THE STATUTE IN SUCH CASE MADE AND PROVIDED, DOTH ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

A. That the bonds of matrimony existing between the Petitioner, KIMBERLY S. LAUGHMAN, and the Respondent, MARK E. LAUGHMAN, be and the same are hereby dissolved.

B. That the Marital Settlement Agreement herein above contained is hereby in all respects approved, confirmed, ratified and adopted as the judgment of this court to the same extent and with the same force and effect as if the provisions contained in said Agreement were set forth in this paragraph of this Judgment and each and every provision thereof is binding upon each of the parties hereto and each of the parties shall do and perform all of the acts undertaken and carry out all of the provisions contained in the aforesaid Agreement which is made part of this

Judgment.

C.  That the Respondent is forever barred from seeking maintenance from the Petitioner now and forever, in this or any other Court. The Respondent shall pay the Petitioner maintenance as outlined in Article II of the parties Marital Settlement Agreement.

D.  That the Petitioner and Respondent shall carry out all of the terms, provisions and conditions of this Judgment and each of the parties shall execute, acknowledge and deliver good and sufficient instruments necessary or proper to vest that titles and estates in the respective parties hereto as provided in the Marital Settlement Agreement herein above contained and hereafter at any time and from time to time to execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the purpose of said Agreement and establish of record the sole and separate ownership of the several property of said parties in the manner therein agreed and provided.

E.  That the Petitioner has the right to resume the use of her maiden name, KIMBERLY FINGER if she so desires.

F.  That this Court reserves jurisdiction of the subject matter of this case and the parties hereto for the purpose of enforcing the terms of this Judgment and the terms and provisions of the Agreement herein above contained.

ENTER:

> ENTERED
> JUDGE LISA MURPHY-1654
> SEP 0 6 2006
> DOROTHY BROWN
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL
> DEPUTY CLERK

ATTILIO V. FIUMETTO
ATTORNEY AT LAW
218 NORTH JEFFERSON/SUITE 400
CHICAGO, IL 60661
(312) 831-2111
Atty # 16900