IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Kimberly S. Weise, | ) |
|     Plaintiff, Counter-Defendant, | ) |
| v. | ) Case No. 08 C 770 |
| Minnesota Life Insurance Co., | ) |
|     Defendant, Counter-Plaintiff, Cross-Plaintiff, | ) |
| And | ) |
| Douglas Laughman, | ) |
|     Defendant, Cross-Defendant. | ) |

## ANSWER TO INTERPLEADER

Cross-Defendant Douglas Laughman ("Mr. Laughman"), by and through his attorneys, hereby answers Minnesota Life Insurance Company's Interpleader as follows:

### Complaint No. 1

Plaintiff Minnesota Life brings this action for interpleader because it is exposed to multiple liability due to the competing beneficiary claims of Kimberly Laughman-Weise and Douglas Laughman in connection with life insurance policy Minnesota Life issued to Mark Laughman.

### Answer No. 1

Mr. Laughman has no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the same.

### Complaint No. 2

Minnesota Life is a corporation incorporated under the laws of the state of Minnesota and authorized to do business in the state of Illinois.

### Answer No. 2

Mr. Laughman admits the allegations of Paragraph 2.

**Complaint No. 3**

Kimberly Laughman-Weise is the surviving ex-spouse of the decedent Mark Laughman. Kimberly Laughman-Weise is a resident of the State of Indiana, County of St. Joseph.

**Answer No. 3**

Mr. Laughman admits the allegations of Paragraph 3.

**Complaint No. 4**

Douglas Laughman is the surviving father of the decedent, Mark Laughman. Douglas Laughman is a resident of the State of Indiana, County of St. Joseph.

**Answer No. 4**

Mr. Laughman admits the allegations of Paragraph 4.

**Complaint No. 5**

This Court has jurisdiction over this controversy pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 USC § 1332, as the stakeholder is diverse from the claimants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

**Answer No. 5**

Mr. Laughman admits the allegations of Paragraph 5.

**Complaint No. 6**

Venue is proper in this district pursuant to 28 USC § 1391.

**Answer No. 6**

Mr. Laughman admits the allegations of Paragraph 6.

**Complaint No. 7**

On June 1, 2004, Mark Laughman's Employee Group Universal Life Insurance Policy, policy number 50173-G, became effective, with Katten Muchin Zavis Rosenman as the policyholder ("the Policy"). The Policy currently has a value of approximately $1,250,000.00. *A copy of The Policy is attached hereto as Exhibit "A".*

### Answer No. 7

Mr. Laughman admits the allegations of Paragraph 7.

### Complaint No. 8

The beneficiary designation named Kimberly Laughman-Weise as primary beneficiary and Douglas Laughman as contingent beneficiary to 100% the benefits of the Policy as stated on the Group Universal Life Insurance Enrollment Form. *A copy of the Group Universal Life Insurance Enrollment Form is attached hereto as Exhibit "B".*

### Answer No. 8

Mr. Laughman admits that Kimberly Laughman is listed as the primary beneficiary and he is listed as contingent beneficiary to 100% of the benefits of the Policy as stated on the Group Universal Life Insurance Enrollment Form, but denies that Kimberly Weise is entitled to the benefits of the Policy.

### Complaint No. 9

On September 6, 2006, a Judgment for Dissolution of Marriage was entered in the Marriage of Kimberly and Mark Laughman. Article XII, Paragraph 4: <u>Waiver of rights to proceeds on insurance policies</u> of said Judgment, states:

> "Each of the parties hereby releases and/or waives any interest, beneficial or otherwise, which he of [sic] she may have acquired in or to life insurance policies owned by the other."

*A copy of the Judgment for Dissolution of Marriage in the Marriage of Kimberly and Douglas Laughman is attached hereto as Exhibit "C"*

### Answer No. 9

Mr. Laughman admits the allegations of Paragraph 9.

### Complaint No. 10

Mark Laughman died on October 28, 2007.

### Answer No. 10

Mr. Laughman admits the allegations of Paragraph 10.

3

**Complaint No. 11**

On December 18, 2007, Douglas Laughman filed a claim for the proceeds of the Policy. *A copy of the claim form submitted by Douglas Laughman is attached hereto as Exhibit "E".*

**Answer No. 11**

Mr. Laughman admits the allegations of Paragraph 11.

**Complaint No. 12**

On November 16, 2007, Kimberly Laughman-Weise filed a claim for the proceeds of the Policy. *A copy of the claim form submitted by Kimberly Laughman-Weise is attached hereto as Exhibit "F".*

**Answer No. 12**

Mr. Laughman admits the allegations of Paragraph 12.

**Complaint No. 13**

Minnesota Life is unable to determine how or to whom payment of the Policy benefits should be made.

**Answer No. 13**

Mr. Laughman has no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the same.

**Complaint No. 14**

To date, Minnesota Life has not received any advice from the Counter-Defendants regarding the resolution of their competing claims.

**Answer No. 14**

Mr. Laughman admits that he has not provided "advice" to Minnesota Life regarding the resolution of his claim. Mr. Laughman has no knowledge as to the communications between Counter-Defendant Kimberly Weise and Minnesota Life regarding the resolution of her claim.

**Complaint No. 15**

Defendants have exposed Minnesota Life to double liability by virtue of their competing claims, thereby necessitating this Complaint of Interpleader.

**Answer No. 15**

Mr. Laughman has no knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies the same.


Dated: April 18, 2008

                        By:    /s/ Heather Kuhn O'Toole
                                One of the Attorneys for Douglas Laughman

Dawn M. Canty
Heather Kuhn O'Toole
Andrew D. Hoeg
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois  60661
312-902-5200
50478951

5